UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| FRANK J. LAWRENCE, JR., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 07-00288 (RCL) |
| MARK S. CARLIN, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

### DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
### IN OPPOSITION TO
### PHILIP J. STODDARD'S MOTION TO INTERVENE

Defendants (collectively, "the District"), by and through undersigned counsel, hereby submit this Memorandum of Points and Authorities in Opposition to Philip J. Stoddard's Motion to Intervene, in accordance with LCvR 7(b).

Mr. Stoddard, like plaintiff Lawrence, complains of the time taken by the D.C. Court of Appeals' Committee on Admissions ("COA") in reviewing his application for membership to the D.C. Bar. Stoddard .Mot. at 1–2. Mr. Stoddard's motion to intervene should be denied, because he lacks standing, and he cannot show the four elements required under Fed. R. Civ. P. 24(a)(2) to intervene as of right.

To intervene under that rule, a movant must (1) file a timely motion, (2) assert a cognizable legal interest, (3) assert an impairment of that interest, and (4) show a lack of adequate representation by the existing parties. *Jones v. Prince George's County, Md.*, 348 F.3d 1014, 1018 (D.C. Cir. 2003).

Additionally, a movant must demonstrate standing. *Id.*; *American Horse Protection Ass'n, Inc. v. Veneman*, 200 F.R.D. 153, 156 (D.D.C. 2001) ("In this circuit, a party seeking to

intervene must establish the same constitutional standing it would have to establish had it commenced the lawsuit in the first place.") (citing *Building & Constr. Trades Dep't, AFL-CIO v. Reich*, 40 F.3d 1275, 1282 (D.C. Cir. 1994)).

As Mr. Stoddard correctly notes, Stoddard Mot. at 2, the District asserted a lack of standing as a defense to the underlying suit here. *See* District's Motion to Dismiss, at 7–11 (adopted and incorporated by reference herein). Mr. Stoddard lacks standing for the same reasons that plaintiff Lawrence lacks standing—because the defendant COA has not yet rendered a final decision on his application, hence he has not alleged a "specific present objective harm or a threat of specific future harm." *Laird v. Tatum*, 408 U.S. 1, 14 (1972); *Field v. Brown*, 610 F.2d 981, 990 (D.C. Cir. 1980). *See also Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990) ("Allegations of possible future injury do not satisfy the requirements of Art. III. A threatened injury must be 'certainly impending' to constitute injury in fact.") (*quoting Babbitt v. Farm Workers*, 442 U.S. 289, 298 (1979)). A federal court's jurisdiction can only be invoked when a plaintiff has suffered some threatened or actual injury resulting from a defendant's putatively illegal action. *Warth v. Seldin*, 422 U.S. 490, 499 (1975). Mr. Stoddard's claims, like Mr. Lawrence's, are dependent on "contingent future events," hence they are unripe and he lacks standing. *Flynt v. Rumsfeld*, 355 F.3d 697, 702 (D.C. Cir. 2004) (citing *Texas v. United States*, 523 U.S. 296, 300 (1998)).

Moreover, even assuming standing here, Mr. Stoddard does not meet the other elements required to intervene.

First, Mr. Stoddard's motion is untimely. Timeliness is not strictly a matter of the date the would-be intervenor became aware of the litigation, *see Roeder v. Islamic Republic of Iran*, 195 F.Supp.2d 140 (D.D.C. 2002), *aff'd*, 333 F.3d 228 (D.C. Cir. 2003), but should be measured

from when the prospective intervenor knew or should have known its rights might be affected by the litigation, *id.*, and requires a consideration of "all the circumstances" of the case. *United States v. British American Tobacco Australia Svcs, Ltd.*, 437 F.3d 1235, 1238 (D.C. Cir. 2006) (factors to be weighed include elapsed time since the filing of the suit, the purpose of the intervention, the "need" for intervention to preserve the applicant's rights, and "the probability of prejudice to those parties already in the case.") (citing *United States v. AT&T*, 642 F.2d 1285, 1295 (D.C. Cir. 1980)). It is not clear from Mr. Stoddard's papers when he "knew or should have known" of this litigation.

Trial courts have considerable discretion in determining timeliness. *British American*, 437 F.3d at 1238. Here, Mr. Stoddard's motion should be denied. The underlying complaint was filed on or about February 7, 2007, and the instant motion was not filed until almost five months later. *Cf. Fund for Animals, Inc. v. Norton*, 322 F.3d 728 (D.C. Cir. 2003) (motion to intervene timely where filed less than two months after filing of complaint, and before defendant filed its answer); *Seminole Nation of Oklahoma v. Norton*, 206 F.R.D. 1, 8 (D.D.C. 2001) (motion to intervene timely filed two and a half months after complaint, and "the only progress in the action" was an amendment of complaint and filing of answer).

The motion here comes after the parties have completed dispositive briefing, had oral argument, and the Court issued its decision to deny the request for preliminary injunction. Consequently, allowing Mr. Stoddard to intervene *now* cannot help but likely prejudice the existing parties, in light of the considerable effort that would have to be recreated to address his late claims here. *See Alaska Excursion Cruises, Inc. v. United States*, 603 F.Supp. 541, 551 (D.D.C. 1984) (motion to intervene denied as untimely when filed after cross-motions for

summary judgment were filed and after plaintiff's motion for preliminary injunction was denied).

Additionally, Mr. Stoddard all but concedes that his claims and Mr. Lawrence's are "virtually identical" with many "common issues of fact . . . ." Stoddard Mot. at 2. As the District has argued here, plaintiff has no "right" to practice law. *See Baird v. State Bar of Arizona*, 401 U.S. 1, 8 (1971) (practice of law is not a "right," but acquired only on a showing of appropriate "learning and [m]oral character."); *Brooks v. Laws*, 208 F.2d 18, 28 (D.C. Cir. 1953) ("There is no inherent right to practice law. The right arises after qualification under the rules has been established.").

Consequently, because Mr. Stoddard stands in almost the same situation as Mr. Lawrence, and, like him, has not yet received a final decision from the COA, he cannot show the "cognizable legal interest" and current or threatened impairment of that interest required to intervene. *Jones*, 348 F.3d at 1018.[1] *See also Avirgan v. Hull*, 118 F.R.D. 257, 258 n.2 (D.D.C. 1987) (motions to intervene denied where movants "have not demonstrated that their interests are sufficiently distinct from" existing plaintiff); *Nationwide Mut. Ins. Co. v. Nat'l REO Mgmt., Inc.*, 205 F.R.D. 1, 4 (D.D.C. 2000) ("an intervenor must demonstrate more than 'a mere colorable claim' in order to satisfy the threshold interest required" by Rule 24) (quoting *Independent Petrochemical Corp. v. Aetna Cas. & Sur. Co.*, 105 F.R.D. 106, 110 (D.D.C. 1985), *aff'd without opinion*, 784 F.2d 1131 (D.C. Cir. 1986));

---

[1] The only apparent difference bewteen Mr. Stoddard's situation and that of Mr. Lawrence is that Mr. Stoddard's petition to the D.C. Court of Appeals for "review of interlocutory agency action" was denied by Order dated May 2, 2007 (copy attached as Exhibit F to proposed complaint). *See* D.C. App. R. 46(g)(3) (applicant for interlocutory relief of decision by COA must show "extraordinary circumstances" and either that "an application for relief has previously been made in the first instance to the [COA] and been denied by the [COA], or that an application to the [COA] for the relief is not practicable.").

Moreover, any decision made by the Court here will have no impact whatever on any "rights" of Mr. Stoddard's, except possibly for precedential purposes which, as a matter of law, are not sufficient, alone, to meet his burden. *Alaskan Excursion*, 603 F.Supp. at 551 (party not entitled to intervention "as the disposition of this action has no effect, other than as legal precedent, on any property or interest held by [the party]."). "[A] general legal interest in a pending suit does not satisfy the requirements of rule 24(a)." *Id*.

Finally, the burden of showing inadequate representation rests here on Mr. Stoddard. *Seminole Nation*, 206 F.R.D. at 10 (citing *Dimond v. District of Columbia*, 792 F.2d 179, 192 (D.C. Cir. 1986)). He has failed to meet his burden, declaring in a conclusory fashion only that "Mr. Lawrence cannot adequately represent Mr. Stoddard's interest because Mr. Lawrence is an individual appearing in this lawsuit, 'pro-se.'" Stoddard Mot. at 3. But such a single, self-serving statement is insufficient here, particularly as Mr. Stoddard himself is proceeding *pro se*. While the District avers that Mr. Lawrence is incorrect on the law, "as evidenced by the flurry of papers filed by [plaintiff] already, [plaintiff] is more than capable of representing itself in this action." *Alaska Excursion*, 603 F.Supp. at 551.

"Although an existing party who is ineffectual, incompetent, or unwilling to raise claims or arguments that would benefit the putative intervenor may qualify as an inadequate representative in some cases, this is not such a case." *Jones*, 348 F.3d at 1019–20. Mr. Stoddard has not identified any decision or strategy of Mr. Lawrence's with which he disagrees but, even if he had, it alone would be insufficient for purposes of intervention, considering the similarity of their claims. *See id*. at 1020 ("A mere difference of opinion concerning the tactics with which litigation should be handled does not make inadequate the representation of those whose interests

are identical with that of an existing party . . . .") (quoting 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Fed. Prac. & Proc.* § 1909, at 344 (2d ed. 1986)).

For the reasons discussed above, the Court should deny Mr. Stoddard's motion, because he lacks standing, and otherwise fails to meet any of the elements necessary to intervene.

DATE: July 9, 2007

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

     /s/ Ellen A. Efros
ELLEN A. EFROS, D.C. Bar No. 250746
Chief, Equity Section I
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 442-9886
Facsimile: (202) 727-0431

     /s/ Andrew J. Saindon
ANDREW J. SAINDON, D.C. Bar No. 456987
Assistant Attorney General
Equity I Section
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6643
Facsimile: (202) 727-0431
andy.saindon@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| FRANK J. LAWRENCE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-00288 (RCL) |
| | ) | |
| MARK S. CARLIN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

Upon consideration of the Philip J. Stoddard's Motion to Intervene, the Memoranda of Points and Authorities in Support thereof and in opposition thereto, the entire record herein, and it appearing that the relief should be denied, it is hereby:

ORDERED, that Philip J. Stoddard's Motion to Intervene be, and hereby is, DENIED, for lack of standing and for failure to meet the requirements of Fed. R. Civ. P. 24(a)(2).

SO ORDERED.

DATE: _____        _____
                                     ROYCE C. LAMBERTH
                                     United States District Judge