UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

FRANK J. LAWRENCE, JR.

    Plaintiff,

v.

MARK S. CARLIN, ET. AL.,

    Defendants.

_____/

Civil No.07-288-RCL

### PLAINTIFF'S RESPONSE SUPPORTING IN PART, AND OBJECTING IN PART, TO MOTION TO INTERVENE

In addition to a request for monetary damages, Plaintiff brought this action seeking declaratory and injunctive relief that would require Defendant Carlin to provide Plaintiff a hearing. The relief requested is narrow and straightforward. Plaintiff objects to Proposed Intervenor Philip Stoddard's request to the extent that granting permission to intervene may expand the scope of the relief requested in this action[1].

Plaintiff supports Stoddard's request to intervene in this action to seek identical relief. Interestingly, upon information and belief, it was only after Carlin was served with *this lawsuit* (which alleges an Equal Protection claim) that Carlin then informed Stoddard that his application would similarly be held in abeyance on account of Stoddard's pending civil rights suit in Florida. As Stoddard correctly notes, Carlin has acknowledged that Plaintiff and Stoddard are alike and that "like cases should be treated alike".

---

[1] Plaintiff believes that a second, as-applied, lawsuit would be better to challenge the criteria used to determine character fitness, in the event that Plaintiff and Stoddard are denied admission.

RECEIVED

JUL 1 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Carlin's preposterous argument that Plaintiff and Stoddard do not have standing to assert their claims for a timely hearing is not advocacy; it is deception; it fails to grasp the legal theory of this case; and it is an insult to this Court's legal acumen.

Finally, Carlin's candor problem has once again resurfaced. On May 11, 2007, Carlin represented to this Court, through his counsel, that Plaintiff could (and should) bring his claims for relief before the District of Columbia Court of Appeals (hereinafter "DCCA"), and this Court suggested that Plaintiff do so. Plaintiff thereafter submitted papers to the DCCA seeking relief and Carlin thereafter argued to the DCCA that Plaintiff was *jurisdictionally barred* from even making such a filing (Exhibit A to Stoddard's Motion to Intervene, p. 1). Carlin will say and do anything to win. Ironically, under District of Columbia law, a person is not fit for attorney licensure when he has candor problems. *See, e.g., In re Bedi*, 917 A.2d 659 (D.C., 2007)[2].

**WHEREFORE**, Plaintiff prays that this Court grant in part, and deny in part, Proposed Intervenor Philip Stoddard's motion to intervene.

Dated: July 16, 2007

Respectfully submitted:

_____
Frank J. Lawrence, Jr.
Plaintiff, Pro Se
941 Westview Road
Bloomfield Hills, MI 48304
(248) 722-2560

---

[2] To reiterate Plaintiff's May 11, 2007, discussion on the record, Plaintiff contacted Mr. Bedi's attorney, Jacob A Stein, who confirmed the egregious delays in processing Mr. Bedi's application (three years before the Committee on Admissions, and four more before the Court).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY pursuant to LCvR 65.1(c) that on July 16, 2007, a true and correct copy of the foregoing document was:

1. Electronically sent to opposing counsel, Andrew J. Saindon, at his CM/ECF designated e-mail address: andy.saindon@dc.gov;

2. Mailed to opposing counsel, Andrew J. Saindon, via the United States Postal Service, by First Class mail, postage prepaid; and

3. Mailed to Proposed Intervenor Philip J. Stoddard, via the United States Postal Service, by First Class mail, postage prepaid.

Additionally, a copy of these submissions will also be sent to opposing counsel via the Court's ECF electronic notice filing system.

Dated: July 16, 2007

Respectfully submitted:

Frank J. Lawrence, Jr.
Plaintiff, Pro Se
941 Westview Road
Bloomfield Hills, MI 48304
(248) 722-2560

3