UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                      )
FRANK J. LAWRENCE, JR.,               )
                                      )
            Plaintiff,                )
                                      )
      v.                              )   Civil Action No. 07-00288 (RCL)
                                      )
MARK S. CARLIN, *et al.*,             )
                                      )
            Defendants.               )
_____)

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO
<u>PLAINTIFF'S SUCCESSIVE MOTION FOR PRELIMINARY INJUNCTION</u>

Defendants (collectively, "the District"), by and through undersigned counsel, hereby submit this Memorandum of Points and Authorities in Opposition to plaintiff's "Successive Motion for Preliminary Injunction," in accordance with LCvR 7(b) and 65.1(c). The defendants argue briefly as follows:

1.      The Court should deny plaintiff's motion, a *pro forma*, five-page document not citing any local or controlling case, and making conclusory assertions.

2.      The single "new" fact on which plaintiff relies is insufficient, as a matter of law, for the Court to grant the relief plaintiff seeks.

3.      Plaintiff's instant motion may be considered a motion for reconsideration of the Court's order of May 11, 2007, denying the preliminary injunction, although no rule specifically addresses such motions. *See, e.g., Piper v. United States Dept. of Justice*, 312 F.Supp.2d 17, 20 (D.D.C. 2004). Motions for reconsideration are routinely construed under Rule 59(e), *id.*, under which courts have considerable discretion; a court may grant such a motion if the movant demonstrates (1) an intervening change in controlling case law, (2) the availability of new

evidence, or (3) a need to correct "clear error" or prevent "manifest injustice." *Id*. (citing *Anyanwutaku v. Moore*, 151 F.3d 1053, 1057–58 (D.C. Cir. 1998)). *See also, e.g., Black v. Tomlinson*, 235 F.R.D. 532, 533 (D.D.C. 2006) (courts have "substantial discretion" in ruling on motions for reconsideration, whether considered under Rule 59(e) or Rule 60(b)); *id*. (granting such a motion is "an unusual measure" requiring a demonstration of "extraordinary circumstances," such as "new information" of "exceptional import") (citations omitted).

4.  Plaintiff has not met this burden. The single piece of new information presented is the District of Columbia Court of Appeals' Order of July 12, 2007, in which that court denied plaintiff's petition for review (the defendants previously provided a copy of the D.C. Court of Appeals' Order by Praecipe dated July 16, 2007).

5.  It is not entirely clear what plaintiff means when he argues that the Committee on Admissions opposed his petition as "jurisdictionally barred." P.Mem. at 4. The Committee on Admissions did not argue that plaintiff *could not* seek relief at the DCCA, but that plaintiff had not shown the "extraordinary circumstances" required for that court's immediate review of the Committee's processing of his bar application. *See* D.C. App. R. 46(g).

6.  The DCCA apparently agreed, as it denied plaintiff's petition for review as well as his motion for expedited consideration. Plaintiff's impatience does not constitute an "emergency" in the context of this case.

7.  Absent an appeal, a district court retains authority over its interlocutory orders, which includes the implicit power to "revise them when it is consonant with equity to do so." *Langevine v. District of Columbia*, 106 F.3d 1018, 1023 (D.C. Cir. 1997) (quoting *John Simmons Co. v. Grier Bros. Co.*, 258 U.S. 82, 90–91 (1922)); *Consolidated Edison Co. of N.Y., Inc. v. Federal Power Comm'n*, 511 F.2d 372, 378 (D.C. Cir. 1974) (*per curiam*) (a court may revoke

or modify its previous orders if "changing circumstances" threaten "irreparable harm") (citation omitted).

8. Thus, for plaintiff's instant motion to succeed, he would need to meet the four-part test he failed to meet earlier. *See Diverco, Inc. v. Cheney*, 1990 WL 209953 (D.D.C. 1990) ("renewed motion for preliminary injunction" requires application of traditional four-part test for injunctive relief) (citing *Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1977)).

9. Plaintiff has failed to meet this test, for the same reasons the Court denied the original request for preliminary injunction.

10. For the reasons stated above, the Court should deny the requested relief.

DATE: July 27, 2007      Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

       /s/ Ellen A. Efros
ELLEN A. EFROS, D.C. Bar No. 250746
Chief, Equity Section I
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 442-9886
Facsimile: (202) 727-0431

       /s/ Andrew J. Saindon
ANDREW J. SAINDON, D.C. Bar No. 456987
Assistant Attorney General
Equity I Section
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6643
Facsimile: (202) 727-0431
andy.saindon@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRANK J. LAWRENCE, JR., )<br>)<br>Plaintiff, )<br>)<br>v.                                                      )<br>)<br>MARK S. CARLIN, *et al.*, )<br>)<br>Defendants. )<br>) | Civil Action No. 07-00288 (RCL) |

ORDER

Upon consideration of Plaintiffs' Successive Motion for Preliminary Injunction, the Memoranda of Points and Authorities in Support thereof and in opposition thereto, the entire record herein, and it appearing that the relief should be denied, it is hereby:

ORDERED, that Plaintiff's Successive Motion for Preliminary Injunction be, and hereby is, DENIED, for the reasons set forth in this Court's Order of May 11, 2007.

SO ORDERED.

DATE: _____          _____
                                                              ROYCE C. LAMBERTH
                                                              United States District Judge