**PAWLAK & ASSOCIATES**

*REGISTERED TO PRACTICE*  
*BEFORE THE U.S. P.T.O.:*  
Elizabeth J. Pawlak, J.D.; Dr.rer nat.

*LANGUAGES:*  
German  
Russian  
Polish  
French

PATENT PREPARATION, PROSECUTION & LICENSING  
PATENT TRANSLATIONS  
P.O. Box 1049  
ALEXANDRIA, VA 22313, U.S.A.  
TELEPHONE 954-821-6878

www.pawlakpatent.com

Email: pawlakpatent@yahoo.com  
pawlakpatent@comcast.net

*MAJOR TECHNOLOGIES:*  
biotechnology  
pharmaceutical  
molecular biology  
immunology  
organic/inorganic chemistry  
medical instruments  
laboratory medicine  
electronics/computer software

August 10, 2007

Nancy Mayer-Whittington  
Clerk of Court  
Clerk's Office  
United States District Court  
for the District of Columbia  
333 Constitution Avenue, N.W.  
Washington, D.C. 20001

RE: <u>Civil No. 07cv0288 (RCL) Lawrence v. Carlin</u>

Dear Madam:

Please accept for filing a corrected Page 9 of a Memorandum in Support of Dr. Pawlak after hours and a corrected proposed order. While the original Page 9 contains a material error, Judge Lamberth's name is misspelled in the proposed Order. Kindly attach both corrected pages to the original filings.

I apologize for inconvenience and thank you very much.

Respectfully submitted,

Elizabeth J. Pawlak, J.D., D.Sc.

**RECEIVED**

AUG 1 0 2007

NANCY MAYER WHITTINGTON, CLERK  
U.S. DISTRICT COURT

and even though Dr. Pawlak was a former member of the Giles Sutherland Rich American Inn of Court (from its inception), that motion has yet to be docketed by the Clerk of the Court.

9.   Dr. Pawlak applied for admission to practice before the District Court for the District of Maryland in 1994. That application was destroyed by an employee of the Clerk's Office. Dr. Pawlak was later told: "we do not have any procedure for processing it." Dr. Pawlak filed her second application in 2000. That application was "denied" in a letter signed by a Deputy Clerk, Richard Goodier, said letter being prepared by and dictated to Mr. Goodier by the plaintiff(!). Armed with that denial letter, Dr. Pawlak filed civil action No. 02-cv-2704 in the United States District Court for the District of Maryland in 2002 in which, citing the *Theard-In re Ruffalo-Selling* trilogy, *supra*, she requested an independent, de novo and intrinsic consideration of the state court record. The Court denied on the following grounds:

> "Ms. Pawlak is not eligible for admission to the bar of this Court because she is not a member of the bar of any state or the District of Columbia. The requirement that a person be a member of a state bar in order to be eligible to be a member of the bar of a federal court is a reasonable exercise of a federal court's authority to regulate membership in its bar. (citing *In re Pawlak*, 1995 WL 723177).
>
> To the extent that Ms. Pawlak is attempting to relitigate her claims that she was improperly denied admission to the Pennsylvania bar, such claims appear barred by the doctrine of collateral estoppel in light of her litigation of these claims in the Eastern District of Pennsylvania."

10.   On March 22, 2000, the District of Columbia issued *In re Lindmark*, 747 A.2d 1148 (2000). On or about 2001, Dr. Pawlak reviewed Mr. Lindmark's appellate file No. 99-BG-229 and discovered that Mr. Lidmark applied for admission without examination to the District of Columbia bar in September of 1992 (File No. 40232). The COA held a "character and fitness" hearing in 1996 -- four years after filing his application. Three years after the hearing the COA

---

(with Dr. Saxe and Maj. Kimberley K. Power, Esq as pro bono negotiators for Dr. Pawlak), Dr. Saxe's report to the court is annexed as Exhibit D.

9 (CORRECTED)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FRANK J. LAWRENCE, JR.         :
                               :   Civil Action
         v.                    :
                               :   07-cv-0288 (RCL)
MARK S. CARLIN, *et al.*       :

## ORDER

AND NOW, this _____ day of _____, 2007, upon consideration of Dr. Pawlak's Motion Motion to Intervene pursuant to Fed. R. Civ. P. 24, opposition thereto, and the record as a whole, it is hereby

ORDERED that said Motion to Intervene (Docket No. _____) is GRANTED.

AND IT FURTHER IS ORDERED that, with the entry hereof, the Clerk of Court SHALL CAUSE the above-captioned docket to reflect the intervention of Dr. Elizabeth J. Pawlak in this matter.

FOR THE COURT


ROYCE C. LAMBERTH, U.S.D.J.