UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

FRANK J. LAWRENCE, JR.

    Plaintiff,

v.

MARK S. CARLIN, ET. AL.,

    Defendants.

                                 /

Civil No.07-288-RCL

## PLAINTIFF'S RESPONSE OBJECTING
## TO DR. ELIZABETH PAWLAK'S MOTION TO INTERVENE

In all respects, Plaintiff objects to Proposed Intervenor Dr. Elizabeth Pawlak's motion to intervene in this action. What is discernable from her litigation papers is that her circumstances are far different from those that Plaintiff is now facing. First, Dr. Pawlak does not allege that she took or passed the District of Columbia Bar Exam. Second, it does not appear that she has a legitimate application pending in the jurisdiction. Third, she is not presently being subjected to "hold-in-abeyance" status on account of her decision to file a civil rights lawsuit against attorney licensing officials from another state. Therefore, she has no commonality with the facts and circumstances that provide Plaintiff standing to bring this action.

Dr. Pawlak seeks to litigate claims and issues completely different than those asserted by Plaintiff. Her attempt to use this lawsuit to advance those claims is improper. See, e.g., EEOC v. Woodmen of the World Life Ins. Soc'y, 330 F.Supp 2d. 1049 (D.C. Neb. 2004) (discussing intervention pursuant to Fed. R. Civ. P. 24(b), and noting that intervention is not proper if it expands the scope and costs of litigation), citing Nat'l Ass'n of Regulatory Utility Com'rs v.

**RECEIVED**

AUG 1 5 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Interstate Commerce Commission, 41 F.3d 721, 729 (D.C. Cir. 1994) ("Intervenors may only argue issues that have been raised by the principal parties; they simply lack standing to expand the scope of the case to matters not addressed by the petitioners in their request for review.") and Illinois Bell Tel. Co. v. FCC, 911 F.2d 776, 786 (D.C. D.C. 1990) ("An intervening party may join issue only on a matter that has been brought before the court by another party."); Vinson v. Washington Gas Light Co., 321 U.S. 489, 498, 88 L. Ed. 883, 64 S. Ct. 731 (1944) ("An intervenor is admitted to the proceeding as it stands, and in respect of the pending issues, but is not permitted to enlarge those issues.").

**WHEREFORE**, Plaintiff prays that this Court deny Proposed Intervenor Dr. Elizabeth Pawlak's motion to intervene.

Dated: August 13, 2007

Respectfully submitted:

Frank J. Lawrence, Jr.
Plaintiff, Pro Se
941 Westview Road
Bloomfield Hills, MI 48304
(248) 722-2560

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY pursuant to LCvR 65.1(c) that on August 13, 2007, a true and correct copy of the foregoing document, with supporting Exhibits, was:

1. Electronically sent to opposing counsel, Andrew J. Saindon, at his CM/ECF designated e-mail address: andy.saindon@dc.gov;

2. Mailed to opposing counsel, Andrew J. Saindon, via the United States Postal Service, by First Class mail, postage prepaid;

3. Mailed to Proposed Intervenor Philip J. Stoddard, via the United States Postal Service, by First Class mail, postage prepaid; and

4. Mailed to Proposed Intervenor Dr. Elizabeth Pawlak, via the United States Postal Service, by First Class mail, postage prepaid.

Additionally, a copy of these submissions will be sent to opposing counsel Andrew J. Saindon via the Court's ECF electronic notice filing system.

Dated: August 13, 2007

Respectfully submitted:

Frank J. Lawrence, Jr.
Plaintiff, Pro Se
941 Westview Road
Bloomfield Hills, MI 48304
(248) 722-2560