UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRANK J. LAWRENCE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-00288 (RCL) |
| ) | |
| MARK S. CARLIN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO
DR. ELIZABETH PAWLAK'S MOTION TO INTERVENE

Defendants (collectively, "the District"), by and through undersigned counsel, hereby submit this Memorandum of Points and Authorities in Opposition to Dr. Elizabeth Pawlak's Motion to Intervene, in accordance with LCvR 7(b).

The District opposes Dr. Pawlak's motion for the same reasons presented in its Memorandum of Points and Authorities in Opposition to Phillip J. Stoddard's Motion to Intervene, and for the reasons discussed in plaintiff Lawrence's Response Objecting to Dr. Elizabeth Pawlak's Motion to Intervene.

As plaintiff correctly observes, nowhere does Dr. Pawlak allege that she has taken or passed the D.C. Bar exam. Moreover, Dr. Pawlak has not even alleged that she has ever applied for admission to the D.C. Bar, hence she lacks standing. *See, e.g., Jones v. Prince George's County, Md.*, 348 F.3d 1014, 1018 (D.C. Cir. 2003); *American Horse Protection Ass'n, Inc. v. Veneman*, 200 F.R.D. 153, 156 (D.D.C. 2001) ("In this circuit, a party seeking to intervene must establish the same constitutional standing it would have to establish had it commenced the

lawsuit in the first place.") (citing *Building & Constr. Trades Dep't, AFL-CIO v. Reich*, 40 F.3d 1275, 1282 (D.C. Cir. 1994)).

Because Dr. Pawlak has not alleged that she has ever applied for admission to the D.C. Bar (much less been denied admission or had her application rejected or "held" for any reason), she lacks standing here, as she has not alleged a "specific present objective harm or a threat of specific future harm." *Laird v. Tatum*, 408 U.S. 1, 14 (1972); *Field v. Brown*, 610 F.2d 981, 990 (D.C. Cir. 1980). *See also Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990) ("Allegations of possible future injury do not satisfy the requirements of Art. III. A threatened injury must be 'certainly impending' to constitute injury in fact.") (*quoting Babbitt v. Farm Workers*, 442 U.S. 289, 298 (1979)).

DATE: August 23, 2007                Respectfully submitted,

                                     LINDA SINGER
                                     Attorney General for the District of Columbia

                                     GEORGE C. VALENTINE
                                     Deputy Attorney General, Civil Litigation Division

                                          /s/ Ellen A. Efros
                                     ELLEN A. EFROS, D.C. Bar No. 250746
                                     Chief, Equity Section I
                                     441 Fourth Street, N.W., 6th Floor South
                                     Washington, D.C. 20001
                                     Telephone: (202) 442-9886
                                     Facsimile: (202) 727-0431

                                          /s/ Andrew J. Saindon
                                     ANDREW J. SAINDON, D.C. Bar No. 456987
                                     Assistant Attorney General
                                     Equity I Section
                                     441 Fourth Street, N.W., 6th Floor South
                                     Washington, D.C. 20001
                                     Telephone: (202) 724-6643
                                     Facsimile: (202) 727-0431
                                     andy.saindon@dc.gov

- 3 -

CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on August 23, 2007, copies of the foregoing Memorandum were filed with the Court's Electronic Case Filing system, sent electronically to pawlakpatent@yahoo.com, pawlakpatent@comcast.net, and sent by U.S. Mail, first-class, postage-prepaid, to:

Dr. Elizabeth Pawlak
P.O. Box 1049
Alexandria, VA 22313

      /s/ Andrew J. Saindon
ANDREW J. SAINDON, D.C. Bar No. 456987

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRANK J. LAWRENCE, JR., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 07-00288 (RCL) |
| MARK S. CARLIN, *et al.*, | ) |
| Defendants. | ) |

ORDER

Upon consideration of Dr. Elizabeth Pawlak's Motion to Intervene, the Memoranda of Points and Authorities in Support thereof and in opposition thereto, the entire record herein, and it appearing that the relief should be denied, it is hereby:

ORDERED, that Dr. Elizabeth Pawlak's Motion to Intervene be, and hereby is, DENIED.

SO ORDERED.


DATE: _____          _____
                                      ROYCE C. LAMBERTH
                                      United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRANK J. LAWRENCE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-00288 (RCL) |
| ) | |
| MARK S. CARLIN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

ORDER

Upon consideration of Dr. Elizabeth Pawlak's Motion to Intervene, the Memoranda of Points and Authorities in Support thereof and in opposition thereto, the entire record herein, and it appearing that the relief should be denied, it is hereby:

ORDERED, that Dr. Elizabeth Pawlak's Motion to Intervene be, and hereby is, DENIED.

SO ORDERED.

DATE: _____        _____
                                                            ROYCE C. LAMBERTH
                                                            United States District Judge