RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA
2007 AUG 24 PM 11: 56
NANCY M.
MAYER-WHITTINGTON
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FRANK J. LAWRENCE, JR.

    v.

MARK S. CARLIN, *et al.*

Civil Action

07-cv-0288 (RCL)

**CONSOLIDATED REPLY TO BOTH PLAINTIFF'S "RESPONSE OBJECTING TO" AND DEFENDANT'S "MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO" TO DR. PAWLAK'S MOTION TO INTERVENE**

As shown below, both Plaintiff Lawrence's and Defendants' attempts to prevent Dr. Pawlak from participating in this case are entirely without merit. Mr. Lawrence's "response" fails to address important issues, while boldly misrepresents others. Defendants' submissions do not far much better.

I. **ON THE SOLE QUESTION BEFORE THIS COURT, APPLICANT HAS CONCLUSIVELY ESTABLISHED GROUNDS FOR INTERVENTION AS OF RIGHT, OR, ALTERNATIVELY, PERMISSIVE INTERVENTION.**

Applicant's motion to intervene presents only **one** question to the Court: whether Applicant is entitled to intervene under Rule 24 of the Federal Rules of Civil Procedure ("FRCP Rule 24"). In the original motion, Dr. Pawlak presented two alternative grounds for intervention -- intervention as of right under FRCP Rule 24(a) or permissive intervention under FRCP Rule 24(b)-- and neither Mr. Lawrence nor Defendants (collectively, "Opponents") offer nothing to counter either

    1. **Opponents Concede, as They Must, That Applicant Meets Three of the Four Elements for Establishing Intervention as of Right.**

Opponents do **not** even attempt to dispute, and in fact cannot validly dispute, that Dr. Pawlak has established all but one of the prerequisites for demonstrating entitlement to intervention as of

RECEIVED
AUG 2 8 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

right.[1] Thus, they concede that:

    (A)    Applicant's motion is timely;

    (B)    Applicant's interest in this case is more than academic and the disposition of this proceeding may impair Applicant's ability to protect that interest; and

    (C)    Plaintiff will not adequately represent anyone except for himself.

    **2.    Opponents' Assertion That Dr. Pawlak Lacks Standing Is a Red Herring.[2]**

    **A.    The Controlling Standard of Article III Standing.**

The cases cited by Opponents in their papers are of very little assistance to the Court. The standard for establishing standing can be found in *Gratz v. Bollinger*, 539 U.S. 244, 123 S.Ct. 2411, 156 L.Ed.2d 257 (2003)). The Court held that "to establish standing ...a party need only demonstrate that it is **able and ready** to perform and a discriminatory policy prevents it from doing so on an equal basis." *Id.* at 262 *(quoting Northeastern Florida Chapter of Associated General Contractors of America v. City of Jacksonville, Fla.*, 508 U.S. 656, 666, 113 S.Ct. 2297, 124 L.Ed.2d 586 (1993) (emphasis added).

    **B.    Opponents' Attempt to Artificially Constrain the Requisite Standing to Individuals Who "Took and Passed the D.C. Bar Exam" Is Absurd**

Opponents attempt to foist their crabbed and myopic view on the Court that only applicants

---

[1] The four recognized requirements for intervention as of right are: (1) timeliness; (2) a cognizable interest; (3) impairment of that interest; and (4) lack of adequate representation by existing parties. *See, e.g., Fund for Animals v. Norton*, 322 F.3d 728, 731 (D.C.Cir.2003); *Smoke v. Norton*, 252 F.3d 468, 470 (D.C. Cir. 2001).

[2] The D.C. Circuit requires intervenors to have standing under Article III of the Constitution. *See Jones v. Prince George's County*, 348 F.3d 1014, 1017 (D.C. Cir. 2003).

2

who took and passed the District of Columbia Bar Exam have standing in this action.[3] The Opponents' view rests on the faulty premise that all candidates for admission to the D.C. bar must take and pass the D.C. bar exam, and demonstrates confusion and utter ignorance about the bar admission requirements and process. Indeed, Rule 46(d) reads:

> "(d) Moral Character and General Fitness to Practice Law. No applicant shall be certified for admission by the Committee until the applicant demonstrates good moral character and general fitness to practice law..."

The illogic of the Opponents' view is further underscored by its irony, namely that **only** a small percentage (less than 5%) of members of the D.C. bar ever took the D.C. bar exam. Given that Mr. Lawrence is an applicant to the DC bar and Defendants are the members of the Committee on Admissions, one would think that they should and would know the content of the rule they litigate. To be sure, Rule 46 is written in plain English and should be rather simple to read and analyze!

### C.    The "Able and Ready" Standard Does Not Require an Application to Be on File

Defendants also tell the Court that "Dr. Pawlak does not actually have an application on file and, hence, has no standing or the matter is not justiciable." This is not so. Opponents are engaging in a "tail chase," at best. The following examples are instructive and self-explanatory:

### i.    *Gratz v. Bollinger*, 539 U.S. 244, 262, 123 S.Ct. 2411, 156 L.Ed.2d 257 (2003)

In *Gratz*, an applicant for an undergraduate slot at the University of Michigan was merely required to allege that he **desired** to compete for membership in the class. Responding to Justice Stevens' argument as to standing, Chief Justice Rehnquist stated:

> "Although no party has raised the issue, Justice Stevens argues that petitioners lack

---

[3] The shortest answer to Defendants' statement, to wit, "As plaintiff correctly observes, nowhere does Dr. Pawlak allege that she has taken or passed the D.C. Bar exam" is: "So what?"

3

Article III standing to seek injunctive relief with respect to the University's use of race in undergraduate admissions. He first contends that because Hamacher did not "actually appl[y] for admission as a transfer student[,][h]is claim of future injury is at best 'conjectural or hypothetical' rather than 'real and immediate.' " Post, at 2436 (dissenting opinion). But whether Hamacher "actually applied" for admission as a transfer student is not determinative of his ability to seek ... relief in this case. If Hamacher had submitted a transfer application and been rejected, he would still need to allege an intent to apply again in order to seek prospective relief. If Justice Stevens means that because Hamacher did not apply to transfer, he must never really have intended to do so, that conclusion directly conflicts with the finding of fact entered by the District Court that Hamacher "intends to transfer to the University of Michigan when defendants cease the use of race as an admissions preference." *Id.*, 539 U.S. at 259.

### ii. *Grutter v. Bollinger, 539 U.S. 306, 123 S.Ct. 2325, 156 L.Ed.2d 304 (2003)*

In *Grutter*, a candidate to the University of Michigan Law School succeeded in demonstrating standing through a declaration that she "still desires to attend the Law School and become a lawyer."

### iii. *Law Students Civil Rights Research Council, Inc. v. Wadmond, 401 U.S. 154, 91 S.Ct. 720, 27 L.Ed.2d 749 (1971)*

In *Wadmond*, the plaintiffs were applicants and prospective applicants to the New York Bar, the Columbia Law Students Guild (an organization composed largely of law students and recent graduates of Columbia University Law School), and the New York City Chapter of the National Lawyers Guild . The Supreme Court allowed law students with no application on file to attack New York bar rules.

### iv. *District of Columbia Court of Appeals. v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983)*

In *Feldman*, plaintiffs, who had not graduated from ABA-accredited law schools, attacked both the general rule promulgated by the District of Columbia Court of Appeals that required all bar applicants to have graduated from such an accredited law school, and the particular decision of the District of Columbia Court of Appeals to deny their request for a waiver of this rule. Obviously,

4

violates Plaintiffs federal right to procedural and substantive due process of law..."[4] (*Amended Complaint*, at )

Dr. Pawlak proposed complaint[5] –although sloppily drafted- unequivocally states a facial attack on the parts of Rule 46 and the Committee's practices and unwritten general policies on deferring/ making/ stonewalling "character and fitness" investigations of candidates for admission to the D.C. bar. These constitutional challenges depend on facts that are either affirmatively pled or lie outside the proposed complaint. What Opponents clearly do **not** understand, is that FRCP Rule 24(a)(2) does not restrict the requisite interest to one that is *in* the property or transaction which is the subject of the action. Instead, the FRCP Rule 24(a)(2) looks to see if the intervenor claims an interest "*relating to* the property or transaction which is the subject of the action."

Opponents apparently labor under the misapprehension that Dr. Pawlak should not be allowed to intervene so as to take a position they don't like. It is fundamental that intervention may be allowed whether the intervenor joins plaintiff, joins defendant, or takes a position adverse to both. *See, generally*, FRCP Rule 24; *Black's Law Dictionary* (8th ed. 2004).

### 4. Opponents Are Deadly Wrong on the Law in Asserting That an Intervenor May Only Argue Issues That Have Been Raised by the Current Parties.

Apparently confusing the "facts in his complaint" with the terms "matter" and "issue" and "claim," Mr. Lawrence says that "Dr. Pawlak seeks to litigate claims and issues completely different than those asserted by [him]." Where an intervenor raises either an issue or a matter that is an "essential predicate" to the question before the court, the court may consider that issue (and/or

---

[4]The fact that Mr. Lawrence does not challenge any part of Rule 46 itself is **immaterial**.

[5]Rule 24(c) requires the intervenor to submit the proposed pleading with the motion to intervene in order to allow the existing parties to understand the basis for the proposed intervention.

6

they did **not** file any "legitimate application" for to practice law in the District of Columbia..

In none of those cases was there any suggestion or even allusion that they lack standing or that any of their concerns were conjectural and speculative. In the case at bar, Intervenor alleged the following:

> "Plaintiff, Dr. Elizabeth J. Pawlak ... has been a de facto applicant for admission to the practice of law in the District of Columbia since 1995."(*Intervenor's Verified Complaint*, at p.2)

and

> "On October 26, 1995, Dr. Pawlak submitted (by hand delivery) a motion for both a public "character and fitness" hearing and a report of the COA's findings so that the District of Columbia Court of Appeals can issue ...an order to the applicant to show cause why the application should not be denied. That motion has yet to be docketed by the Committee on Admissions (*Memorandum, at p. 7, Footnote omitted*).

Thus, Dr. Pawlak has at least as good standing as Plaintiff Feldman and Hickey had in *Feldman, supra*. Frankly, standing is a legal term of art, an "elastic concept" intended to "ensure that the alleged injury is not too speculative for Article III purposes." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

3. **Opponents Misstate Applicant's' Reasons for Intervening, Which Include Joining the Matter that Plaintiff Brought Before this Court and Adding the Perspective of All Applicants to the D.C. Bar.**

In this Circuit, an intervenor may join any issue on "a **matter** that has been brought before the court by another party.'" *Seminole Nation of Oklahoma v. Norton*, 206 F.R.D. 1, 7 (D.D.C. 2001), *quoting Illinois Bell Telephone Co. v. FCC*, 911 F.2d 776, 786 (D.C. Cir. 1990) (*emphasis added*). Plaintiff Lawrence brought the following matter before this court:

> "40. **The absence of time limits on decision-making in the DCCA Rules** (*sic*)

5

matter) as well. *Synovus Financial Corp. v. Board of Governors of the Federal Reserve Sys.*, 952 F.2d 426, 434 (D.C. Cir. 1991). This Circuit in *Synovus* also distinguished the decision from *Illinois Bell Tel. Co. v. FCC*, 911 F.2d 776 (D.C. Cir. 1990), a case cited by Mr. Lawrence.

To extent it is discernable from their submissions, Opponents seem to object over the injection of an additional issue in this case. There is no rule in either statutory or case law, preventing an intervenor from injecting an additional issue into the underlying controversy, especially where it is rationally related to the subject matter of the underlying action and results in complete justice. Opponents are unable to point to any such rule preventing the inclusion of an additional related issue and instead seem to suggest that the issue (*i.e.*, a constitutional challenge to certain parts of Rule 46) sought to be included by Dr. Pawlak is far too collateral, remote, and contingent to justify intervention. In fact, the issue of the "character and fitness" of Rule 46 (and practices and unwritten policies) is **not** collateral or remote to the subject matter presented in the complaint and, is in fact, directly flowing from, and related to it.

5.   **Proposed Complaint in View of Bell Atlantic Corp. v. Twombly.**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a plaintiff to make only "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the parties fair notice of what the claim is and grounds upon which it rests. If the plaintiff's factual allegations are not sufficient "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S. Ct 1955, 1960, 167 L.Ed.2d 929 (2007), FRCP Rule 12(e) affords a "middle ground" in such situations. It provides that, when a pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading," the responding party may move for a more definite statement. While Intervenor believes she has

7

sufficiently pled all allegations in its complaint, out of an abundance of caution, should the Court want a more definite statement, she prays that it be allowed to amend its complaint.

### 6. Clearing the Factual Air

This Court and the parties in this case have undoubtedly read Judge Dubois' version of the version of events that lead to Dr. Pawlak's bar admission affair in Pennsylvania. Obviously, there is more than one view of the operative events. The following is Dr. Pawlak's version of events: At no time did Dr. Pawlak claim any medical disability. Nor did she ever request any medical accommodation, whether orally or in writing. And of course, she did not make any threats to disrupt a bar examination. Judge Dubois' version is a reprint of a "memorandum" written by Counsel for the Pennsylvania Board of Law Examiners, Howard M. Holmes. This information is submitted not to prove one version or disprove other, since the Pennsylvania bar admission affair is not properly before this Court, but to establish that more than one view exists. An Independent Action for Relief from Judgment To Remedy Fraud Upon The Court Committed By The Officers Of The Court is on its way to the courthouse in Philadelphia.

Respectfully submitted,

*[signature]*

Elizabeth Pawlak, J.D., D.Sc.
U.S.PTO Reg. # 34,520

Mailing address: Pawlak & Associates
P.O. Box 1049
Alexandria, VA 22313
phone: 954-921-6878
email: pawlakpatent@yahoo.com

RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

## CERTIFICATE OF SERVICE

2007 AUG 24  PM 11: 56

NANCY M.
MAYER-WHITTINGTON
CLERK

I certify that on August 24, 2007, I caused a true and complete copy of the Consolidated Reply to Both Plaintiff's "Response Objecting To" and Defendant's "Memorandum of Points and Authorities in Opposition To" to Dr. Pawlak's Motion to Intervene to be served upon those listed below:

(a) sent by U.S. Mail, first-class, postage-prepaid, to:

> **FRANK J. LAWRENCE, JR.**
> 941 Westview Road
> Bloomfield Hills, MI 48304

and delivered by hand by to:

> **ANDREW J. SAINDON**
> Assistant Attorney General
> Equity I Section
> 441 Fourth Street, N.W., 6th Floor, South
> Washington, D.C..

Elizabeth Pawlak, J.D., D.Sc.
U.S.PTO Reg. # 34,520