UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FRANK J. LAWRENCE, JR.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-288 (RCL) |
| ) | |
| **MARK S. CARLIN,** *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM & ORDER**

Dr. Elizabeth Pawlak ("Pawlak") seeks to intervene [25] as a plaintiff in this case. Plaintiff Frank J. Lawrence, Jr. ("Lawrence") [27] joins defendants [28] in opposing her motion. The Court has considered the parties' filings, the applicable law, and the entire record herein. For the reasons set forth below, Pawlak's motion shall be DENIED.

Federal Rule of Civil Procedure 24 permits strangers to a suit to intervene therein in two scenarios, both of which Pawlak invokes in her motion. First, a court *must* grant a timely motion to intervene when the applicant satisfies certain criteria. Fed. R. Civ. Pro. 24(a). This right of intervention depends on:

> (1) the timeliness of the motion; (2) whether the applicant "claims an interest relating to the property or transaction which is the subject of the action;" (3) whether the "applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest;" and (4) whether "the applicant's interest is adequately represented by existing parties."

*Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1074 (D.C. Cir. 1998) (quoting Fed. R. Civ. Pro. 24(a)(2)).  See also *Alaska v. FERC*, 980 F.2d 761, 763 (D.C. Cir. 1992) ("intervention as of right signifies that the movant would suffer harm from an adverse decision on the merits"). The

1

applicant must also satisfy the criteria for Article III standing. *Jones v. Prince George's County, Md.*, 348 F.3d 1014, 1018 (D.C. Cir. 2003).

Second, and alternatively, a court may grant a timely motion for permissive intervention when the applicant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. Pro. 24(b)(1). "[P]ermissive intervention is an inherently discretionary enterprise," and the court enjoys considerable latitude under Rule 24(b). *E.E.O.C. v. Nat'l Children's Center, Inc.*, 146 F.3d 1042, 1046-48 (D.C. Cir. 1998). In weighing a motion for permissive intervention, the court should also assess whether the proposed intervention "will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. Pro. 24(b)(3).

Neither form of intervention is appropriate here. First, it is highly questionable whether Pawlak can demonstrate she has standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) ("the irreducible constitutional minimum of standing" requires the plaintiff to have suffered "an invasion of a legally protected interest" which is concrete, particularized, and actual or imminent). Pawlak states that she graduated from Georgetown University Law Center in the District of Columbia in 1992, submitted her Multistate Professional Responsibility Examination results to the District, and sat for the Pennsylvania Bar Exam in 1992 "for the purpose of . . . becoming a member of the District of Columbia bar." (Mem. Supp. Mot. 2.) In 1995 she "submitted (by hand delivery) a motion for both a public 'character and fitness' hearing and a report of the COA's findings," (*id.* at 8), and her proposed complaint characterizes her as a "de facto applicant for admission," (Compl. ¶ 5). Nonetheless, she has evidently *never* submitted an application for admission to the District of Columbia Bar.

Pawlak cites *Gratz v. Bollinger*, 539 U.S. 244 (2003) for the proposition that she need only be "able and ready" to apply for admission to claim standing under the Constitution. (Reply 3-4.) In *Gratz*, a prospective University of Michigan transfer student had standing to challenge the university's admissions policies because he intended to submit an application, if and when the university discontinued its use of racial preferences in admissions. *Gratz*, 539 U.S. at 261-2 ("It is well established that intent may be relevant to standing in an Equal Protection challenge"). Here, by contrast, Pawlak *nowhere* asserts that she intends to file an application with the District of Columbia Bar's Committee on Admissions ("Committee"), if and when she obtains the declaratory judgment she seeks. Rather, it appears she expects the Committee to act in some manner on the "motion" she submitted in 1995. (*See* Mem. Supp. Mot. 12.)

Assuming, however, that Pawlak *does* plan to apply for admission, she fails to meet the standard for intervention as of right. Pawlak boldly declares her "recognized interest in this litigation cannot reasonably be disputed." (*Id.*) But she has alleged no connection or similarity to the events underlying Lawrence's claims that could comprise "an interest . . . relating to the . . . transaction" at issue here, nor indeed, one that could conceivably be harmed by litigation in her absence. *See* Fed. R. Civ. Pro. 24(a). In a nutshell, Lawrence complains that the Committee's decision to hold his application for admission in abeyance infringes his constitutional rights to free speech, due process, and equal protection. Pawlak's proposed complaint asserts no such direct personal injury but rather lodges a facial challenge to the constitutionality of District of Columbia Court of Appeals Rule 46(d)-(f). (Compl. ¶¶ 13-23.) "[A]n adverse decision on the merits" here – that the Committee may constitutionally delay final adjudication of Lawrence's moral character investigation until potentially relevant litigation concludes – would have

3

practical repercussions for other, similarly situated applicants. *See Alaska v. FERC*, 980 F.2d at 763. But such a decision would in no way inhibit Pawlak's ability to wage a facial attack on Rule 46, which neither provides for nor addresses the sort of delay Lawrence has suffered. Because Pawlak's challenge "ha[s] absolutely no substantive connection with the issues raised by" Lawrence's complaint, she has no right to intervene. *Synovus Fin. Corp. v. Bd. of Governors of the Fed. Reserve Sys.*, 952 F.2d 426, 434 (D.C. Cir. 1991) (discussing *Ill. Bell Tel. Co. v. FCC*, 911 F.2d 776 (D.C. Cir. 1990), where intervention was inappropriate because putative intervenor and plaintiffs challenged entirely different portions of FCC order).

These same considerations persuade the Court that permissive intervention is likewise inappropriate. Although Pawlak insists an intervenor may introduce new issues to a "controversy, especially where [they are] rationally related to the subject matter of the underlying action," (Reply 7), Rule 24 mandates that any such issues share common legal or factual questions with those in the underlying action, Fed. R. Civ. Pro. 24(b)(1). To adjudicate Lawrence's claims, the Court must consider facts particular to his case and must analyze the Committee's actions' under the Constitution. Rule 46's facial constitutionality is, at best, only tangentially relevant to these questions.[1] As a result, Pawlak's intervention would inevitably

---

[1] Pawlak points to an isolated statement in Lawrence's amended complaint charging that "[t]he absence of time limits on decision-making in the DCCA Rules violates" Lawrence's due process rights. She contends it is "immaterial" that he "does not challenge any part of Rule 46 itself." Yet this distinction is not only material, but critical. Lawrence's claims implicate the Rule in only one respect: he has demanded an immediate hearing on his indefinitely pending application, and both the Committee and DCCA have denied this request based on their interpretations of subsection (g). But Pawlak challenges only subsections (d) through (f), and this Court need not interpret or assess the constitutionality of *any* part of the Rule in resolving Lawrence's claims. Rule 46's constitutionality is simply not at issue in his suit. "An intervening party may join issue only on a matter that has been brought before the court by another party." *Ill. Bell Tel. Co.*, 911 F.2d at 786. Here, as in *Illinois Bell*, the Court "could grant [Pawlak] the

"delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. Pro. 24(b)(3). Lawrence contests only the Committee's refusal to promptly act on his application. Expanding this suit to embrace "the Perspective of All Applicants to the D.C. Bar," as Pawlak hopes to do, would necessarily undermine Lawrence's efforts to vindicate his particular interests. Further, such an exponential multiplication of the factual and legal issues would unduly burden all existing parties. Accordingly, this Court will exercise its discretion to deny permissive intervention.

The Court thus concludes putative intervenor Pawlak lacks any interest in the underlying dispute that could conceivably be harmed by litigation in her absence. Indeed, her claims invoke entirely separate legal issues, and it appears her intervention would unduly delay and prejudice the adjudication of the original parties' rights. Hence, Pawlak's motion to intervene as a matter of right, or in the alternative, for permissive intervention, is hereby DENIED.

SO ORDERED.

Signed by United States District Judge Royce C. Lamberth, March 31, 2008.

---

full relief [she] seeks while rejecting all of [Lawrence's] challenges, and vice versa." *Id.* Hence, intervention is simply not the proper vehicle for Pawlak's claims.