UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRANK J. LAWRENCE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-288 (RCL) |
| ) | |
| MARK S. CARLIN, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM & ORDER**

Philip J. Stoddard ("Stoddard") seeks to intervene [17] as a plaintiff in this case. Plaintiff Frank J. Lawrence, Jr. ("Lawrence") objects in part [20] to Stoddard's proposed intervention, and defendants oppose [18] the motion altogether. The Court has considered the parties' filings, the applicable law, and the entire record herein. For the reasons set forth below, Stoddard's motion shall be DENIED.

Federal Rule of Civil Procedure 24 ("Rule 24") permits strangers to a suit to intervene therein as a matter of right in certain, specific circumstances. Fed. R. Civ. Pro. 24(a). This right of intervention depends on:

> (1) the timeliness of the motion; (2) whether the applicant "claims an interest relating to the property or transaction which is the subject of the action;" (3) whether the "applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest;" and (4) whether "the applicant's interest is adequately represented by existing parties."

*Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1074 (D.C. Cir. 1998) (quoting Fed. R. Civ. Pro. 24(a)(2)). *See also Alaska v. FERC*, 980 F.2d 761, 763 (D.C. Cir. 1992) ("intervention as of right signifies that the movant would suffer harm from an adverse decision on the merits"). The

1

applicant must also satisfy the criteria for Article III standing. *Jones v. Prince George's County, Md.*, 348 F.3d 1014, 1018 (D.C. Cir. 2003).

Stoddard's motion fails on two counts. As an initial matter, the Court deems his motion untimely. District courts enjoy considerable discretion in assessing timeliness. *NAACP v. New York*, 413 U.S. 345, 366 (1973). *See also United States v. Am. Tel. & Tel. Co.*, 642 F.2d 1285, 1295 (D.C. Cir. 1980) ("In deciding the timeliness of intervention, much must necessarily be left to the discretion of the trial court."). Indeed,

> timeliness is to be judged in consideration of all the circumstances, especially weighing the factors of time elapsed since the inception of the suit, the purpose for which intervention is sought, the need for intervention as a means of preserving the applicant's rights, and the probability of prejudice to those already parties in the case.

*Id.* Notably, the timeliness inquiry incorporates the second and third criteria specified in Rule 24(a)(2). Thus, as discussed further below, Stoddard's lack of any "need for intervention as a means of preserving [his] rights" not only precludes him from intervening as of right but also renders his motion untimely. 642 F.2d at 1295.

Further, when Stoddard moved to intervene, defendants had already filed a dispositive motion to dismiss, the parties had completed briefing, and this Court had heard oral argument and taken the motion under submission. Stoddard has not commented on the issues raised in defendants' motion, and indeed, this Court has since abstained from exercising jurisdiction over plaintiff's claims and stayed the litigation. Stoddard's intervention at this stage would thus complicate matters procedurally, to the detriment of the existing parties.

Even had Stoddard's motion been timely, however, he has demonstrated no "interest . . . relating to the . . . transaction" at issue here that would clearly be harmed by litigation in his

absence.  *See* Fed. R. Civ. Pro. 24(a).  Like Lawrence, Stoddard complains that the Committee on Admissions' ("Committee") dilatory processing of his application infringes his constitutional right to due process. (*See*, *e.g.*, Compl. ¶¶ 21, 35.)  To this extent, their interests overlap.

Stoddard, however, also asks the Court to declare unconstitutional certain "unpublished, unpromulgated" policies under which defendants purportedly operate. (*Id.* ¶ 31.)  Indeed, the gravamen of Stoddard's proposed complaint appears to be that the Committee's moral character and fitness evaluation process is *substantively* unfair. (*See id.* ¶¶ 27-30.)  Lawrence, by contrast, concentrates solely on the *procedures* applied in his case.

As a would-be intervenor, Stoddard need only demonstrate "an interest . . . relating to the . . . transaction" at issue, not a strictly identical interest.  *See* Fed. R. Civ. Pro. 24(a).  But the significant differences between his and Lawrence's claims cut against his asserted right of intervention.  Intervention as of right "involves an accommodation between two potentially conflicting goals: to achieve judicial economies of scale by resolving related issues in a single lawsuit, and to prevent the single lawsuit from becoming fruitlessly complex or unending." *Smuck v. Hobson*, 408 F.2d 175, 179 (D.C. Cir.1969).  Because Rule 24's "'interest test' is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process," courts must weigh these conflicting policy goals in determining whether a putative intervenor has demonstrated the requisite related interest. *Nuesse v. Camp*, 385 F.2d 694, 700 (D.C. Cir. 1967).  Considering the wide gulf between Stoddard and Lawrence's aims, it appears Stoddard's intervention would achieve only minimal judicial economies of scale while vastly increasing this suit's duration and complexity.

Furthermore, to the extent Stoddard has demonstrated a related interest, he has not shown

that litigation in his absence will harm this interest in any cognizable way. Stoddard asserts that an adverse decision on the merits here "would seriously impair [his] ability to press his own claims for relief because the defendants can be expected to raise the same defenses against [him]," (Mot. ¶ 5.) Yet because Lawrence challenges only defendants' conduct in processing *his* application – not the nature of the admissions process itself, nor the policies that govern it – any decision adverse to Lawrence would necessarily depend on his unique factual circumstances. Stoddard's contention that such a decision would hamper him in prosecuting a separate suit is thus somewhat tenuous.

Moreover, creation of an adverse precedent – on merely analogous facts, without resolving common legal issues – is insufficient to justify intervention as of right. *See Alaska Excursion Cruises, Inc. v. United States*, 603 F. Supp. 541, 551 (D.D.C. 1984) (Flannery, J.) ("a general legal interest in a pending suit does not satisfy the requirements of rule 24(a)"). *Cf. Nuesse*, 385 F.2d at 701-02 ("*stare decisis* principles . . . suppl[ied] the practical disadvantage that warrant[ed] intervention as of right" where case presented question of first impression concerning conflict between state and federal law, and district court's decision "would receive great weight" in any future litigation on the issue); *Atlantis Dev. Corp. v. United States*, 379 F.2d 818, 826-29 (5th Cir. 1967) (creation of adverse precedent was practical disadvantage warranting intervention as of right where would-be intervenor claimed interest in the very property that was the subject matter of the action).

Accordingly, because his motion is untimely, and because he has failed to demonstrate an interest related to the transaction at issue that would be practically impaired by litigation in his absence, Stoddard has not satisfied the requirements for intervention as of right under Rule

24(a).[1]  Hence, Stoddard's motion to intervene as a matter of right is hereby DENIED.

SO ORDERED.

Signed by United States District Judge Royce C. Lamberth, March 31, 2008.

---

[1] A court may also grant a timely motion for permissive intervention when the applicant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. Pro. 24(b)(1). "[P]ermissive intervention is an inherently discretionary enterprise," and the court enjoys considerable latitude under Rule 24(b). *E.E.O.C. v. Nat'l Children's Center, Inc.*, 146 F.3d 1042, 1046-48 (D.C. Cir. 1998). In weighing a motion for permissive intervention, the court should also assess whether the proposed intervention "will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. Pro. 24(b)(3).

Stoddard's motion invokes only Rule 24(a) and does not seek the Court's permission to intervene. Nonetheless, were he to do so, the same concerns that preclude his intervention as of right – timeliness, prejudice to existing parties, disparity of interests, and judicial economy – would strongly influence the Court's permissive intervention analysis under Rule 24(b).