UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| FRANK J. LAWRENCE, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. )     Civil No. 07-288 (RCL) <br> ) <br> MARK S. CARLIN, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | |

## MEMORANDUM OPINION

Plaintiff Frank J. Lawrence, Jr. was denied admission to the Michigan bar on character and fitness grounds. *See Lawrence v. Carlin,* 541 F. Supp. 2d 189, 190 (D.D.C. 2008). Mr. Lawrence filed a series of lawsuits related to this denial (and several subsequent ones), two of which were dismissed, *see* (1) Opinions, *Lawrence v. Chabot*, 03-cv-20, ECF Nos. 75 & 249 (W.D. Mich., Sept. 29, 2003 & Nov. 30, 2004), *aff'd* 182 F. App'x 442 (6th Cir. 2006); (2) *Lawrence v. Berry*, 06-cv-134, 2006 WL 3694631 (W.D. Mich. Dec. 14, 2006) *aff'd sub nom. Lawrence v. Welch*, 531 F.3d 364 (6th Cir. 2008), and two of which are still pending, (3) *Lawrence v. Parker*, 09-cv-95 (W.D. Mich, filed Feb. 6, 2009); (4) *Lawrence v. Raubinger*, 10-cv-467 (W.D. Mich., filed May 14, 2010). Both pending cases have been stayed at Mr. Lawrence's request. *See* Order Granting Plaintiff's Motion to Stay, *Lawrence v. Parker*, 09-cv-95, ECF No. 5 (W.D. Mich., Feb. 17, 2009); Order Granting Plaintiff's Motion to Stay, *Lawrence v. Raubinger*, 10-cv-467, ECF No. 6 (W.D. Mich., May 25, 2010).

Mr. Lawrence also applied for admission to the District of Columbia Bar. The Committee on Admissions, a division of the District of Columbia Court of Appeals, decided to

hold the character and fitness portion of his application in abeyance until the conclusion of his Michigan litigation. *Carlin*, 541 F. Supp. at 191. He filed the present lawsuit against Committee members and employees, seeking to enjoin the Committee from holding his application in abeyance. *Id.* He also sought interlocutory review of the Committee's abeyance decision in the D.C. Court of Appeals, which denied his request in 2007. *See id.* at 192.

In March 2008, this Court decided to abstain from exercising jurisdiction over Mr. Lawrence's claim under *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* provides that, except in "extraordinary circumstances," federal courts should abstain from intervening in ongoing state proceedings that are judicial in nature and involve important state interests. *See Carlin*, 541 F. Supp. 2d at 192. Mr. Lawrence had argued that such "extraordinary circumstances" existed, because he was blocked from presenting his federal claims in the stalled D.C. admissions proceeding. This Court rejected this argument. It explained that Mr. Lawrence would *eventually* have an opportunity to pursue his federal claims in the admissions proceeding, which was all *Younger* required. *Carlin*, 541 194 & n.5. The D.C. Court of Appeals' rejection of his petition for interlocutory review only meant that that court would not hear his constitutional claims *immediately*. *Id.* If and when the Committee did, ultimately, recommend denial of Mr. Lawrence's application, he would at that point be entitled to a hearing at which he could raise these federal issues. *Id.* at 194 n.5. The Court therefore abstained and stayed the case "pending final adjudication of plaintiff's application." *Id.* at 195. The opinion was affirmed by the D.C. Circuit. *Lawrence v. Carlin*, 2009 WL 1201770 (D.C. Cir. Feb. 23, 2009) (unpublished per curiam disposition).

Mr. Lawrence recently petitioned the D.C. Court of Appeals once again for interlocutory review of the Committee's decision to hold his application in continued abeyance. In a May

2013 memorandum, the Committee explained to the D.C. Court of Appeals that it was continuing to hold Mr. Lawrence's application in abeyance because two of his Michigan lawsuits remained pending for interlocutory review. *See* Recommendation of the Comm. on Admissions, *In re Frank J. Lawrence, Jr.*, 13-BG-337, (D.C., May 7, 2013), Pl.'s Ex. 3, ECF No. 96. In June 2013, the D.C. Court of Appeals denied Mr. Lawrence's petition. Order, *In re Frank J. Lawrence, Jr.*, 13-BG-337, (D.C., Jun. 3, 2013) (per curiam), Pl.'s Ex. 4, ECF No. 96.

Mr. Lawrence now asks this Court to order the Committee to cease holding his application in abeyance and to give him a hearing within 30 days. Pl.'s Mot. 9, ECF No. 96. The Court DENIES this motion because the circumstances underlying the present motion are legally indistinguishable from those underlying the Court's previous opinion. Once again, Mr. Lawrence claims "extraordinary circumstances" based on the D.C. Court of Appeals' denial of his petition for an interlocutory review of the Committee's decision to hold his application in abeyance. Therefore, once again, the Court finds that these circumstances do not qualify as "extraordinary" for *Younger* purposes. If and when the Committee ultimately denies Mr. Lawrence's application for admission, he will then be entitled to a hearing at which he will be able to raise his constitutional claims. *See Carlin*, 541 F. Supp. 2d at 194 n.5 ("*Younger* abstention requires that a plaintiff have an opportunity, at some point in the state proceeding, to raise his federal claims; it does not require that such an opportunity occur *immediately*." (emphasis in original) (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar. Ass'n*, 457 U.S. 423, 432 (1982)).

That five years have passed without any apparent progress on Mr. Lawrence's application might have given this Court pause, but for the key fact that both pending cases in Michigan have

been stayed *at Mr. Lawrence's request*.  Under these circumstances, the Court finds no "extraordinary circumstances" and reconfirms its abstention under *Younger*.

### III.     CONCLUSION

Mr. Lawrence's motions are DENIED.

Signed by Royce C. Lamberth, Chief Judge, on July 5, 2013.